IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 7:16-CR-2 (HL) |
| DONATUS O. MBANEFO, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Donatus O. Mbanefo's Motion for New Trial. (Doc. 584). For the following reasons, Defendant's motion is **DENIED**.

### I.   PROCEDURAL BACKGROUND

A grand jury in this district returned an indictment against Defendant Dr. Donatus O. Mbanefo and five co-defendants on February 10, 2016. (Doc. 1). Defendant was charged in Count One with conspiracy to distribute or dispense controlled substances without a legitimate medical purpose and not in the normal course of medical practice, in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), and (b)(2). Counts Two and Three charged Defendant with two substantive counts of dispensing controlled substances without a legitimate medical purpose, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2). Count Six charged Defendant with conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). A superseding indictment was returned on June 15, 2016, adding two additional co-defendants

but not otherwise altering the charges against Defendant. (Doc. 88). The superseding indictment alleged that the eight Defendants conspired to operate the Wellness Center of Valdosta and the Relief Institute of Columbus as pill mills, enriching themselves by unlawfully dispensing controlled substances. (Id.).

Defendant entered a plea of not guilty on February 25, 2016. (Doc. 46). The Court thereafter declared the case complex. Over the the next two years, the case continued through discovery and multiple motions hearings. All but Defendant and co-Defendant Dr. William Bacon pleaded guilty before trial.

The two doctors proceeded to trial on May 29, 2018. On June 13, 2018, following an eleven-day trial, the jury convicted Defendant of conspiracy to distribute or dispense controlled substances without a legitimate medical purpose and not in the usual course of medicine and two substantive counts of unlawful dispensation of controlled substances. (Doc. 325). The jury acquitted Defendant on the charge of conspiring to launder money. (Id.). On December 5, 2018, the Court sentenced Defendant to a total term of imprisonment of 96 months to be followed by three years supervised release. (Doc. 464).

Defendant appealed. (Doc. 480). On appeal, Defendant argued that the evidence was insufficient to support his conviction; that the Court constructively amended his substantive counts; and that the Court erred in calculating the drug quantity attributable to him. The Eleventh Circuit Court of Appeals affirmed Defendant's conviction on April 13, 2020. (Doc. 529).

Defendant filed a timely Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 on June 4, 2020. (Doc. 543). Defendant's motion raised ten grounds for relief based on trial and appellate counsel's alleged ineffective assistance of counsel:

1. Trial counsel failed to timely release and review discovery.
2. Trial counsel failed to notify the trial court of a tainted juror.
3. Trial counsel failed to retain a medical expert.
4. Trial counsel failed to have sufficient contact and to prepare Defendant to testify at trial.
5. Trial counsel failed to file pretrial motions to dismiss the indictment based on grand jury abuse.
6. Trial counsel failed to file pretrial motions to dismiss the indictment based on selective prosecution.
7. Trial counsel failed to file pretrial motions to dismiss the indictment based on a charge of a single versus multiple conspiracies.
8. Trial counsel failed to file pretrial severance motions.
9. Trial counsel withheld exculpatory evidence and testimony.
10. Appellate counsel failed to raise certain claims on appeal, failed to file a reply to the Government's brief, failed to discuss oral argument with Defendant, and failed to attend oral argument.

Id. Finding no merit to any of Defendant's asserted grounds for relief, the Magistrate Judge recommended denying Defendant's motion on April 12, 2021. (Doc. 589). The Court adopted the Recommendation over Defendant's objections on October 7, 2021. (Doc. 601).

While Defendant's § 2255 motion was pending, he filed the present motion for new trial. (Doc. 584). Additionally, Defendant filed a Motion to Obtain Court Records (Doc. 587, 594); Motion to Proceed In Forma Pauperis (Doc. 588); and Motion for Discovery or for the Dismissal of the Indictment (Doc. 593).

## III.     DISCUSSION

Defendant moves the Court to grant his motion for new trial based on newly discovered evidence. Defendant alleges that the Government engaged in selective prosecution, intentionally withheld evidence from the jury, and suborned false testimony from witnesses. Defendant further argues that a motion for new trial is warranted because the jury pool was tainted by the impaneling of an impartial juror. Defendant's claims fail because he has not shown that the evidence upon which he relies was not available at the time of trial, nor has he demonstrated that the evidence is material and that it would have influenced the verdict.

Under Federal Rule of Criminal Procedure 33, a court may grant a motion for new trial based either on newly discovered evidence or on any other grounds "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a motion for new trial rests in the sound discretion of the trial court. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). However, "[c]ourts are to grant them sparingly and with caution, doing so only in those really exceptional cases." Martinez, 763 F.2d at 1313. "The Court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-13 (citations omitted).

A motion for new trial premised on newly discovered evidence must be filed within three years of the verdict. Fed. R. Crim. P. 33(b).[1] "Motions for a new trial

---

[1] A motion for new trial based on any other ground must be filed within seven days of the verdict. Fed. R. Crim. P. 33(b)(2). To the extent that Defendant's motion for

4

based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (quoting United States v. Devila, 216 F.3d 1009, 1015-16 (11th Cir. 2000), *vacated in part on other grounds*, 242 F.3d 995, 996 (11th Cir. 2001)). In order to justify a new trial, newly discovered evidence "need not relate only to the question of innocence but may be probative of another issue of law." United States v. Beasley, 582 F.2d 337, 339 (5th Cir. 1978).[2] For instance, "a Brady violation, as well as questions regarding the fairness or impartiality of a jury, may be grounds for a new trial." Campa, 459 F.3d at 1151. The defendant "bears the burden of justifying a new trial." Id. (quotation omitted).

"Newly discovered evidence" is "evidence that could not have been discovered with due diligence at the time of trial." United States v. Johnson, 596 F.2d 147, 148 (5th Cir. 1979) (quotation omitted). To succeed on a motion for new trial based on newly discovered evidence, a defendant must establish that: (1) the evidence was discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is of such a nature that a new trial likely would produce a different result. Fed. R. Crim. P. 33(a); United States v.

---

new trial may be construed as raising any ground for relief other than newly discovered evidence, the motion is **DENIED** as untimely.

[2] Fifth Circuit decisions issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Caldwell, 963 F.3d 1067, 1078-79 (11th Cir. 2020). "[F]ailure to satisfy any one of these elements is fatal to a motion for new trial." United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995).

### A.     Brady Violation

Defendant argues that the Government violated Brady v. Maryland, 373 U.S. 83 (1963) by intentionally suppressing evidence of a Dr. Mosely, an alleged unindicted co-conspirator who worked at the same clinic as Defendant for a similar duration and who exhibited similar prescribing habits. (Doc. 584, p. 5). According to Defendant, the Government was aware of this individual yet purposely excluded him from prosecution and withheld testimony concerning his involvement in the subject clinics. (Id.). Defendant contends that he is entitled to a new trial because "there was a reasonable probability that had the duration of Dr. Mosely's employment been disclosed to the jury, the result of the proceeding would have been different." (Id.). Defendant suggests that the withheld evidence "would have created reasonable doubts that did not otherwise exist to engage the jury to convict Defendant." (Id. at p. 6).

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The duty to disclose extends to impeachment, as well as exculpatory, evidence and applies even to evidence not requested by the accused. Stickler v. Greene, 527 U.S. 263, 280 (1999). To

establish entitlement to a new trial based on a Brady claim of newly discovered evidence, the defendant must show that: "(1) the government possessed favorable evidence to the defendant; (2) the defendant did not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." United States v. Vallejo, 297 F.3d 1154, 1165 (11th Cir. 2002). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).

Defendant's motion for new trial fails because he has not shown that the Government did not disclose evidence of Dr. Mosely's involvement at the clinics prior to trial. Rather, Defendant argues only that the Government did not introduce evidence concerning Dr. Mosely at trial. Furthermore, Defendant has not established that the jury's verdict would have been different had the Government elected to present evidence of an additional conspirator.

### B. Giglio Violation

Defendant next argues that the Government violated Giglio v. United States, 405 U.S. 150 (1972) through the introduction of false testimony. Defendant alleges that the Government "made false and material statements unsupported by the records to mislead the grand jury to indict the Defendant." (Doc. 584, p. 9). Defendant states that the Government additionally made false and misleading

7

statements "to intentionally mislead the Court and the petit jury to convict the Defendant." (Id. at p. 10).

Defendant specifically points to portions of the Government's closing arguments during which the Government refers to Defendant as one of the top three prescribers at the clinics. Defendant contends these statements were misleading because the Government failed to acknowledge the conduct of Dr. Mosely in comparison to Defendant and the other indicted physicians. Defendant further emphasizes an alleged inconsistency between remarks made by the Government concerning whether a Dr. Poynter reported the clinic to federal authorities after working at one of the clinics for one day and Dr. Poynter's grand jury testimony that he did not contact the authorities.

"Giglio error is a species of Brady error that occurs when the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury." Ventura v. Att'y Gen., Fla., 419 F.3d 1269, 1276-77 (11th Cir. 2006) (quotation omitted). To succeed on a Giglio challenge, the defendant must demonstrate that the Government "knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir. 2001).

Defendant's motion for new trial again fails because he has not shown that the evidence he highlights was not disclosed prior to trial. Nor has Defendant demonstrated that the Government knowingly suborned perjured testimony.

8

Accordingly, Defendant has not met his burden of justifying grounds for a new trial based on an alleged Giglio violation.

### C. Impartial Juror

Defendant alleges that six months after the jury announced his guilt, trial counsel revealed to Defendant his familiarity with one of the jurors. At some point in 2012, trial counsel filed a civil rights lawsuit against a Georgia state trooper. The case later settled out of court, and the parties voluntarily dismissed the suit. See Merenda v. Tabor, No. 5:10-CV-493 (MTT) (M.D. Ga. April 11, 2013). The sister of the state trooper was empaneled as a juror in Defendant's criminal trial. Defendant suggests that this juror "intentionally denied that she was related to a law enforcement officer[,] confirming her dishonesty." (Doc. 584, p. 12-13). As a result of her involvement with the jury, Defendant contends he "was convicted by a biased jury" and, therefore, that he is entitled to a new trial. (Id. at p. 12).

"[A] motion for new trial based on juror misconduct is a form of new trial motion for newly discovered evidence." United States v. Bolinger, 837 F.2d 436, 439 (11th Cir. 1988) (citing United States v. Jones, 597 F.2d 485, 488 (5th Cir. 1979)). Where, as here, a defendant argues that a juror failed to disclose a connection to trial counsel, to obtain a new trial the defendant "must first demonstrate that [the] juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip. Inc. v. Greenwood, 464 U.S. 548, 556 (1984). The first prong of the McDonough test requires a

determination of whether the juror's answers were honest, "that is, whether he was aware of the fact that his answers were false." United States v. Perkins, 748 F.2d 1519, 1531 (11th Cir. 1984). A juror does not have the duty to respond to questions not posed during voir dire. See United States v. Kerr, 778 F.2d 690, 694 (11th Cir. 1985). Satisfaction of the second prong, that a correct response would have provided a valid basis for a challenge for cause, requires evidence of actual bias. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1473 (11th Cir. 1992). "Actual bias may be shown in two ways: by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed." Perkins, 748 F.2d at 1532 (internal quotation marks and citation omitted).

Defendant has produced no evidence that the juror dishonestly answered any question posed during voir dire. But, even assuming the juror did withhold information concerning her relationship generally to a law enforcement officer or more specifically to trial counsel, Defendant has put forth no evidence of actual bias. Defendant claims that his attorney discovered a relationship between the juror and one of his prior civil cases; however, Defendant has not established that the juror was aware of the connection such that bias could be presumed. Accordingly, Defendant is not entitled to a new trial on this basis.

### D. Selective Prosecution

Defendant alleges that he is entitled to a new trial because the Government engaged in selective prosecution. Defendant alleges that the Government violated

10

his right to equal protection under the Fourteenth Amendment when the Government made the decision to prosecute him and two other doctors of color but not other similarly situated white physicians employed by the same clinics. Defendant's motion fails for two reasons. First, Defendant failed to raise the defense of selective prosecution before trial, thereby waiving the defense. Second, "a claim of selective prosecution is not the proper subject of a Rule 33(b)(1) motion for new trial" as selective prosecution has "'no bearing on the determination of factual guilt.'" United States v. Scrushy, 721 F.3d 1288, 1305 (11th Cir. 2013) (quoting United States v. Jones, 52 F.3d 924, 927 (11th Cir. 1995)).

"[S]elective prosecution is a defect in the institution of the prosecution that has no bearing on the determination of factual guilt." Jones, 52 F.3d at 927 (citing United States v. Jennings, 991 F.2d 725, 730 (11th Cir. 1993)). "Federal Rule of Criminal Procedure 12(b) requires that this defense be raised by pretrial motion[.]" Id. at 927 n.5. "If the defendant fails to raise a selective prosecution defense prior to trial, the defendant waives the defense[.]" Id. (citing Fed. R. Crim. P. 12(f)). "However, the court may grant relief from [the] waiver if the defendant shows cause for [the] delay in raising the defense." Id.

Defendant concedes that he did not assert a claim of selective prosecution prior to trial. (Doc. 584, p. 14). He claims that waiver of the claim should be excused for good cause because (1) "[t]he elements of this claim were not timely known to the Defendant after due diligence"; (2) "[t]he prosecutor repeatedly made false statements that deflected the need to research this claim"; and (3) "Defendant

11

erroneously believed after his indictment and arrest[ ] that he and trial codefendant were the most culpable offenders in the 2 clinics." (Id.).

Defendant's argument fails because he has not established that evidence of selective prosecution was not available before trial. As discussed in relation to Defendant's claims under Brady and Giglio, Defendant has not shown that the Government withheld evidence from Defendant that could have been beneficial to crafting a defense. Defendant's argument instead reveals only that the Government was strategic in how it presented its evidence to the jury. Defendant's excuse for the delay in raising a defense of selective prosecution is therefore unavailing.

Even if Defendant could establish good cause for failing to raise a timely selective prosecution defense, Defendant's selective prosecution claim fails on the merits. To prevail on a claim of selective prosecution, the defendant bears a "demanding burden" of demonstrating by "clear" evidence "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Jordan, 635 F.3d 1181, 1188 (11th Cir. 2011).[3] To satisfy the discriminatory effect element of a selective prosecution

---

[3] Defendant filed a Motion for Discovery seeking evidence in support of his selective prosecution claim. (Doc. 593). "[I]n order to obtain discovery in support of such a claim, a defendant must provide 'some evidence tending to show the existence of the essential elements of the defense.'" Jordan, 635 F.3d at 1188 (internal quotation marks and citation omitted). The standard for obtaining discovery for a selective prosecution claim is especially rigorous. United States v. Armstrong, 517 U.S. 456, 468 (1996) ("The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly

claim, the defendant must demonstrate that other similarly situated individuals of a different race were engaged in substantially the same conduct but were not prosecuted for those actions. United States v. Smith, 231 F.3d 800, 808 (11th Cir. 2000). The Eleventh Circuit defines similarly situated as

> one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was strong or stronger than that against the defendant.

Id. at 810. To establish a discriminatory purpose, a defendant must show the decisionmaker "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Jordan, 635 F.3d at 1188 (quoting Wayte v. United States, 470 U.S. 598, 610 (1985)).

Defendant arguably has shown that other similarly situated physicians of another race were not prosecuted. However, Defendant has not demonstrated that the Government was motivated by a discriminatory purpose. Ultimately, though, Defendant's motion for new trial based on selective prosecution fails because

---

rigorous standard for discovery in aid of such a claim."). Moreover, to establish that he is entitled to discovery in support of his motion for new trial, Defendant must also demonstrate that the evidence he seeks was discovered only after trial and that he exercised due diligence to discover the evidence. See United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). Because the Court concludes that Defendant can meet neither of these burdens, the Court finds that Defendant is not entitled to discovery and **DENIES** Defendant's motion.

Defendant cannot prove that "a new trial would probably produce a different result." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). "Even assuming improper motivation on the part of the Government in its decision to bring charges, that taint does not extend, and in fact is presumed not to extend, to the jury's verdict" as the jury is presumed to have considered only the evidence submitted and the law as delivered by the court. United States v. Scrushy, No. 2:05-cv-119-MEF, 2012 WL 204159, at *5 (M.D. Ala. Jan. 24, 2012), *aff'd by* Scrushy, 721 F.3d at 1305 ("Whether the decision to prosecute [the defendant] was motivated by improper reasons has no bearing on the integrity of the trial or the verdict and therefore is not the proper subject of a Rule 33(b)(1) motion."). The Court therefore denies Defendant's motion for new trial based on selective prosecution.

### E.   Actual Innocence

Defendant's final argument in support of his motion for new trial is that he is actually innocent. Defendant claims that had certain excluded evidence been presented at trial "no reasonable jury would have found Defendant guilty of the conspiracy charge beyond all reasonable doubts." (Doc. 584, p. 18). He points to emails and telephone calls between himself and the owners of the clinic prior to his engagement with the clinic and alleges these exhibits evidence that the owners were deceptive and that "there could not have been a conspiratorial meeting of the minds." (Id.).

Defendant admits this evidence is not newly discovered. A motion for new trial based on grounds other than newly discovered evidence must be filed within

14

seven days of the verdict. Fed. R. Crim. P. 33(b)(2). Defendant's motion for new trial premised on his actual innocence therefore is not timely and shall be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Donatus O. Mbanefo's Motion a New Trial. (Doc. 584). The Court **DENIES as moot** Defendant's Motion to Obtain Court Records (Doc. 587, 594) and corresponding Motion to Proceed In Forma Pauperis (Doc. 588). Having disposed of all Defendant's pending motions, the Court **finds as MOOT** Defendant's Motion Requesting for a Status Update. (Doc. 597).

**SO ORDERED** this 14th day of October, 2021.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks