IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **DONATUS O. MBANEFO,** <br><br>    Defendant. | Case No. 7:16-CR-2 (HL) |

## ORDER

Before the Court is Defendant Donatus O. Mbanefo's Motion for New Trial Based on Newly Discovered Evidence. (Doc. 615). For the following reasons, Defendant's motion is **DENIED**.

**I.    PROCEDURAL BACKGROUND**

A grand jury in this district returned an indictment against Defendant Donatus O. Mbanefo and five co-defendants on February 10, 2016. (Doc. 1). Defendant was charged in Count One with conspiracy to distribute or dispense controlled substances without a legitimate medical purpose and not in the normal course of medical practice, in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), and (b)(2). Counts Two and Three charged Defendant with two substantive counts of dispensing controlled substances without a legitimate medical purpose, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2). Count Six charged Defendant with conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). A superseding

indictment was returned on June 15, 2016, adding two additional co-defendants but not otherwise altering the charges against Defendant. (Doc. 88). The superseding indictment alleged that the eight Defendants conspired to operate the Wellness Center of Valdosta and the Relief Institute of Columbus as pill mills, enriching themselves by unlawfully dispensing controlled substances. (Id.).

On June 13, 2018, following an eleven-day trial, the jury convicted Defendant of conspiracy to distribute or dispense controlled substances without a legitimate medical purpose and not in the usual course of medicine and two substantive counts of unlawful dispensation of controlled substances. (Doc. 325). The jury acquitted Defendant on the charge of conspiring to launder money. (Id.). On December 5, 2018, the Court sentenced Defendant to a total term of imprisonment of 96 months to be followed by three years supervised release. (Doc. 464). The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on April 13, 2020. (Doc. 529).

## III.    DISCUSSION

This is Defendant's second motion for new trial based on newly discovered evidence. In his first motion, Defendant alleged the Government engaged in selective prosecution, intentionally withheld evidence from the jury, and suborned false testimony from witnesses. (Doc. 584). Defendant also argued that a motion for new trial was warranted because the jury pool was tainted by the impaneling of an impartial juror. (Id.). The Court found Defendant's claims failed as Defendant did not show that the evidence upon which he relied was not available at the time

of trial, that the evidence was material, or that it would have influenced the verdict. (Doc. 603).

In his present motion, Defendant contends he is entitled to a new trial based on his recent discovery that "all the evidence used to convict him at the trial was procured without a search warrant." (Doc. 615, p. 3). Defendant states that prior to his release to home detention on July 18, 2021, he did not have the opportunity to conduct a full and thorough review of the evidence provided during discovery in this case, including a review of the search warrants issued for Relief Institute of Columbus in 2013. (Id. at p. 4-5). Defendant contends this evidence is "material to guilt and punishment.: (Id. at p. 5).

Defendant's motion for new trial is not timely and is therefore **DENIED**. Under Federal Rule of Criminal Procedure 33, a court may grant a motion for new trial based either on newly discovered evidence or on any other grounds "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (quoting United States v. Devila, 216 F.3d 1009, 1015-16 (11th Cir. 2000), *vacated in part on other grounds*, 242 F.3d 995, 996 (11th Cir. 2001)). A motion for new trial premised on newly discovered evidence must be filed within three years of "the verdict or finding of guilt[ ]." Fed. R. Crim. P. 33(b).[1]

---

[1] Defendant relies on United States v. Dayton, 981 F.2d 1200, 1202 (11th Cir. 1993) for the proposition that a motion for new trial must be filed within two years of the

3

As explained by the Supreme Court, "Rule 33 . . . is a claim-processing rule," not a jurisdictional rule, but "one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings." Eberhart v. United States, 546 U.S. 12, 19 (2005).

The jury returned a guilty verdict against Defendant on June 13, 2018. Defendant had three years from that date to file a motion for new trial grounded on newly discovered evidence. Defendant did not file his motion until December 21, 2021—six months too late. Defendant's motion for new trial is therefore **DENIED**.

IV. **CONCLUSION**

For the foregoing reasons, the Court concludes Defendant Donatus O. Mbanefo's Motion a New Trial Based on Newly Discovered Evidence (Doc. 615) is time-barred. The Court accordingly **DENIES** Defendant's request for relief.

**SO ORDERED** this 6th day of July, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

---

final judgment. Dayton, however, address a previous version of Rule 33(b). The rule was amended in 1998 to use "the trial court's verdict or finding of guilt as the triggering event." Fed. R. Civ. P. 33(b) advisory committee's note to 1998 amendment.