# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA**

v.

**DONATUS O. MBANEFO,**

    Defendant.

Case No. 7:16-CR-2 (HL)

## ORDER

Before the Court is Defendant Donatus O. Mbanefo's Motion for Reconsideration. (Doc. 625). Defendant moves the Court for reconsideration of its Order (Doc. 624) denying Defendant's motion for new trial (Doc. 615). Finding that Defendant's motion does not state an adequate basis for the Court to revise its previous order, the Court **DENIES** Defendant's motion.

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law; (2) new evidence has been discovered; or (3) the court made a clear error of law or fact. Rhodes v. MacDonald, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). The Court must liberally construe the filings of Defendant, who is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)).

Even under a liberal construction, Defendant's motion fails to state a sufficient basis for the Court to reconsider its Order denying Defendant's motion for new trial. Defendant's motion for reconsideration merely rehashes issues raised in his motion for new trial. The Court denied Defendant's motion for new trial because it was not timely filed. Defendant's motion does not address this finding or otherwise contend that the Court's ruling was in error.

Finding no basis to alter its Order denying Defendant's motion for new trial, the Court **DENIES** Defendant's motion for reconsideration (Doc. 625).

**SO ORDERED**, this the 9th day of August, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks